
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANE BREITMAN, dba THE QUEEN OF DIAMONDS,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>BRETT STETTNER, dba WINSTON-STETTNER,<br><br>    Defendant-Appellee. | No. 13-55987<br><br>D.C. No. 2:12-cv-02034-PSG<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Phillip S. Gutierrez, District Judge, Presiding

Submitted June 3, 2015<sup>**</sup>
Pasadena, California

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge, and KORMAN,<sup>***</sup>
Senior District Judge.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***    The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

This case involves a dispute over the failed sale of the 230-carat Wynn Diamond. Diane Breitman, the putative seller of the diamond, sued Brett Stettner, a would-be buyer, alleging breach of contract along with a number of other related causes of action. The district court granted summary judgment for Stettner. Breitman appeals, alleging the district judge committed error by: (1) granting Stettner's motion to withdraw certain deemed admissions without providing Breitman notice or a formal opportunity to be heard, (2) granting Stettner's motion for summary judgment based on the absence of material disputed facts created by withdrawing the admissions and other evidence purportedly not found in the motion, and (3) denying Breitman's several motions to extend or modify discovery.

It is unnecessary for us to determine whether the district judge erred by granting Stettner's motion to withdraw certain deemed admissions without granting Breitman the formal opportunity to respond, although she did have notice of the motion. Any error, to the extent that one was made, is harmless. Under Federal Rule of Civil Procedure 36(b), the court has the discretion to allow a party to withdraw or amend an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Here, the first prong is clearly met because

2

allowing the deemed admissions to stand "would effectively eliminate a merits determination." *Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001). The prejudice prong, which "relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay," *id.* at 1039, also favors allowing the deemed admissions to be withdrawn. Breitman has failed to offer any showing that summary judgment could have been avoided had she not forgone specific additional discovery in reliance on Stettner's deemed admissions. Finding prejudice without such a showing would encourage parties to abuse Rule 36 in "the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer)." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002).

Breitman's argument that the district judge denied her due process by granting summary judgment on the basis of arguments not raised by the moving party is equally unavailing. The argument is flatly contradicted by the record. The allegedly *sua sponte* argument was, in fact, raised several times in Stettner's briefing. Breitman was on full notice of the argument and the district judge committed no error in ruling on those grounds properly raised by the parties.

Finally, there is no merit to Breitman's claim that the district judge abused his discretion by declining to grant her three requests for an extension of discovery after

3

her lead trial counsel changed.  This argument ignores the fact that the district judge granted a 60-day extension of discovery after both parties retained new counsel.  The judge simply declined to grant additional extensions beyond those two months.  Moreover, Breitman does not cite, nor are we aware of, any authority entitling a party to an extension of discovery based solely upon a change of attorneys.  Indeed, even after a change of attorney, the trial judge retains full discretion in managing discovery.  *See Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir. 1975).

The judgment of the district court is **AFFIRMED**.